NALLEY LAND AND INVESTMENT COMPANY *et al. v.* MERCHANTS AND PLANTERS BANK OF VILLA RICA.

No. 9908.   MAY 21, 1934.

*Lawton Nalley, H. W. Nalley, Louis H. Foster,* and *J. J. Barge,* for plaintiffs in error.

*Astor Merritt* and *Boykin & Boykin,* contra.

HUTCHESON, J. The Merchants and Planters Bank of Villa Rica. brought suit on two notes signed by Nalley Land and Investment Company, by W. J. Nalley as president, and Drusilla Nalley as secretary-treasurer, and by the latter two named parties individually, the notes being for $1734 and $1900 respectively, dated January 31, 1924, and payable December 24, 1924, the suit being brought in the superior court of Douglas County. The defendants filed demurrers and answers to the petition; and the plaintiff filed demurrers to the answer. The demurrers to the petition were overruled, and exceptions pendente lite were sued out; but the exceptions were not preserved in the final bill of exceptions and were not argued in the brief of the plaintiffs in error. While separate answers were filed by each of the defendants, they were substantially the same. The defense to the suit is that the notes were signed by the land and investment company and by the individuals as security for Gordon Nalley, who had in previous years borrowed money from the bank on his note; that the present notes were renewals of notes given by Gordon Nalley; that the defendants signed the notes, at the request of the bank, as security and on the assurance of the

bank that it would procure the signature of Gordon Nalley; that they received no money on the notes; that at the time the notes were signed the defendants gave a deed to certain land to secure their payment; that the corporation, under its charter and the laws of the State, was not authorized to act as security for the debt of another; and that the signing of the notes and security deed was ultra vires. The defendants prayed for cancellation of the deed and notes. It is the contention of the bank that the notes were given to secure payment of a debt of the corporation, the deed reciting that "This deed is given to secure said bank for a loan as evidenced by two promissory notes dated January 31, 1924, one for $1900, and the other for $1734.50, both due December 1, 1924, the same being signed by the Nalley Land & Investment Company and Miss Drusilla Nalley and W. J. Nalley," and that parol evidence can not be introduced to vary the term of this written instrument that is plain and unambiguous on its face. The notes recited that they were "given as a joint and several obligation under the hand and seal of each party." On the trial the notes and security deed were introduced in evidence. It was admitted by the defendants that the original notes were executed by Gordon Nalley, and "that those notes given by the Nalley Land & Investment Company took up that debt." Gordon Nalley testified that he executed the original notes in 1921, and received the money; that the notes executed in 1924 were renewals of the original notes; that the bank requested him to sign these latter notes, but that he refused because of some differences with reference to the amounts of the notes. The defendants introduced a certified copy of the charter of the land and investment company, which provides in part: "The object of said corporation is pecuniary gain to the stockholders, and to that end petitioners desire to conduct a general farming business, to operate manufacturing establishments, . . to buy, sell, lease, exchange, or improve real or personal property, to borrow or lend money, taking or giving security, either real or personal, to buy or sell stocks, bonds, purchase-money notes or other evidences of indebtedness, and to buy and sell generally any and all kinds of property, including choses in action," etc. George Harper testified for the bank that he did not have any conversation with Miss Nalley at the time the notes were renewed, with reference to why they took over the notes.

The judge directed a verdict for the plaintiff. The defendants' motion for new trial was overruled, and they excepted.

■ Special ground 1 of the motion for new trial assigns error because the court refused to allow the defendants to introduce in evidence their corporation constitution, over objection. This ground is not insisted on in the brief, and therefore is treated as abandoned.

■ Special grounds 2, 3, and 4 complain that the court directed a verdict for the plaintiffs, because the question whether the defendants were relieved as securities on the notes and deed by the bank's promise to get Gordon Nalley to sign the notes as maker, and the failure to do so, was for the jury, and if their contentions were true in this respect they would be relieved from liability on the notes and deed; that under the charter of the corporation and the laws of the State the corporation was not authorized to act as security; and that under the pleadings and the evidence "it was a jury question to determine in what capacity the signers of the notes sued on signed them." The defendants contend that the Nalley Land & Investment Company was without authority to act as security for the debt of another. The Civil Code (1910), § 2823, par. 5, declares: "Corporations thus created may exercise all corporate powers necessary to the purpose of their organization, but shall make no contract, or purchase or hold any property of any kind, except such as is necessary in legitimately carrying into effect such purpose, or for securing debts due to the company." The charter of the corporation provides: "The object of the corporation is pecuniary gain to the stockholders, and to that end petitioner's desire to conduct a general farming business, to operate manufacturing establishments, such as fertilizer, cotton mill, cottonseed oil mill, farming implements, and sawmill plants, . . to buy, sell, lease, exchange, or improve real and personal property, to borrow or lend money, taking or giving security, either real or personal, . . in so far as the same may be legally done by a corporation under the laws of Georgia."

It was held in *First National Bank of Tallapoosa* v. *Monroe*, 135 *Ga.* 614 (69 S. E. 1123, 32 L. R. A. (N. S.) 550): "A national bank, in negotiating its paper, can bind itself for the payment thereof by its indorsement thereon; but it can not guarantee the payment of the paper of others, or become surety thereon, solely for the benefit of the latter." In *Savannah Ice Co.* v. *Canal-Louisiana Bank & Trust Co.*, 12 *Ga. App.* 818 (79 S. E. 45), it was held: "Corporations are granted no rights and clothed with no powers

except those which are generally conferred by law or the charter, or which arise therefrom by necessary implication. . . No corporation, whether public or private, organized under the laws of this State, can, in the absence of express charter authority so to do, lend its credit for the mere accommodation of third persons. . . Authority to make an accommodation indorsement of commercial paper will not be implied from the power to lend or borrow money on such paper and generally to exercise the powers usually incident to corporations under the laws of this State." Thus it will be seen that the corporation had no authority to act as security for the debt of another; and if the transaction in the present case was an act of suretyship to answer for the debt of another, then the act of the corporation by its officers was ultra vires; and unless the rights of innocent third parties be involved, taking without notice, the notes and security deed would be void. Here the transaction was with the bank, and the bank is suing, and the rights of third parties are not involved. So the question is, was this a debt of the corporation or was it acting as security for the debt of another?

The defendants contend that the notes and security deed were executed with the understanding with the bank that the maker of the original notes would also sign the notes that were sued on, and that the notes were not to be valid until such signature was obtained. The officer of the bank denied that he had any such understanding with the signers of the notes. This made an issue of fact that should have been submitted to a jury; for if such was the fact, then the notes were not binding upon the defendants, the contract being incomplete. In *Hansford* v. *Freeman, 99 Ga.* 376 (27 S. E. 706), this court held: "Where a promissory note was signed and delivered by the maker to the payee's agent, upon an express understanding and agreement that the latter was not to deliver the note to his principal except upon the happening of a certain event, but was to hold the note 'for both parties' until it could be ascertained whether or not this event would happen; and where in fact it did not happen at all, and the agent, in violation of the understanding and agreement above mentioned, delivered the note to his principal, such delivery was not effective or binding upon the maker. Under these circumstances, the agent was, as to the matter of delivery, the mutual agent of both the other parties." In the

opinion Mr. Justice Atkinson said: "It is no contradiction of a written agreement, which does not of itself purport to have been delivered, to assert its non-delivery; and therefore parol evidence is admissible to disprove the fact of delivery." See *Moore* v. *Farmers Mutual Insurance Association,* 107 *Ga.* 199 (33 S. E. 65). In *Bonner* v. *Nelson,* 57 *Ga.* 433, it was held: "Where, in a suit between the original parties, a promissory note is resisted by a surety who signed and left it with his principal, believing and expecting that another surety was to sign also, but whose signature was not procured, the note being delivered by the principal to the payee without it, the defense, to be available, must comprehend the two elements of incompleteness of the instrument, and notice thereof, actual or virtual, to the payee; and each of these elements must be presented in the plea so as to be distinctly issuable." In the opinion it was said by Judge Bleckley: "If the renewal note was incomplete for lack of the signature of one of the sureties who had signed the former note, and the creditor accepted it, knowing it to be incomplete, it would not be binding upon the surety who signed it."

Ground 5 complains that the court erred in allowing the cashier of the bank to testify as to a transaction with the intestate of one of the defendant administrators, said intestate having also been an officer of the defendant corporation. This ground fails to show the nature of the transaction, or whether it was material; and for this reason no question of error is sufficiently presented for decision. This court, therefore, will not at this time decide whether the witness was competent or not.

*Judgment reversed. All the Justices concur, except Russell, C. J., absent because of illness.*